NOT DESIGNATED FOR PUBLICATION

No. 128,933

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTIAN LOPEZ-PALOMARES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed July 2, 2026. Sentence vacated in part and case remanded with directions.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., ARNOLD-BURGER, J., and ANDREA PURVIS, District Judge, assigned.

PER CURIAM: Christian Lopez-Palomares appeals the district court's jail credit calculation. He claims the district court erred when it denied him jail credit for all the time he spent incarcerated in this case. Because we find that Lopez-Palomares' sentence is controlled by the law in effect at the time he committed his crime, we vacate the district court's ruling on jail credit and remand for application of jail credit consistent with this opinion.

1

FACTUAL AND PROCEDURAL HISTORY

On November 1, 2024, Christian Lopez-Palomares entered guilty pleas and was convicted of two amended counts of aggravated indecent solicitation of a child. Both crimes occurred on April 22, 2024. At sentencing on December 16, 2024, the district court ordered Lopez-Palomares to serve consecutive 34-month prison sentences for the two counts and that these sentences run "consecutive to any other cases." The district court, at the sentencing hearing, ordered credit for time served "that's allowed by statute or case law." Later the district court signed the journal entry of judgment, which denied him jail credit for 12 days he served in jail while this case was pending. The denial of credit is evidenced by the court's note on the journal entry that "[f]or dates above not awarded, defendant held on 22JV106." Lopez-Palomares directly appeals based solely on the district court's order denying him 12 days of jail credit in this case.

ANALYSIS

Lopez-Palomares challenges the denial of jail credit, but he does so for the first time on appeal. Generally, an issue must be raised in the district court to preserve it for appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). One exception to this rule is that the appellate court may review a new claim that raises only a question of law based on uncontested facts. *State v. Rhoiney*, 314 Kan. 497, 500, 501 P.3d 368 (2021). Lopez-Palomares invokes this exception. We agree to consider his claim.

On April 22, 2024, the date on which the offenses committed by Lopez-Palomares occurred, the statute controlling jail credit was K.S.A. 21-6615(a), which stated that when sentencing the defendant to confinement the judge will compute a sentencing date and that sentencing date "shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." The Kansas Supreme Court, first in *State v. Hopkins*, 317 Kan.

652, 652, 537 P.3d 845 (2023), and later in *State v. Ervin*, 320 Kan. 287, 311-12, 566 P.3d 481 (2025), interpreted K.S.A. 21-6615(a) to require a district court to award one day of credit for each day a defendant spends in jail pending disposition of the case regardless of whether some of that jail time was also granted in another case.

But between the time the offenses were committed and Lopez-Palomares' sentencing date in December 2024, the Kansas Legislature amended K.S.A. 21-6615 to make an exception to the original language of the statute making an allowance for the time which the defendant spent incarcerated pending the disposition of the defendant's case to exclude "[a]ny time awarded as credit in another case when consecutive sentences are imposed on a defendant." L. 2024, ch. 96, § 7; K.S.A. 2024 Supp. 21-6615(a)(2)(A). Although there is nothing in the record to suggest the district court judge was relying on retroactive application of the amended statute to deny jail credit, the State argues its application in its appellate brief.

"'[T]he fundamental rule for sentencing is that the person convicted of a crime is sentenced in accordance with the sentencing provisions in effect at the time the crime was committed.'" *State v. McLinn*, 307 Kan. 307, 337, 409 P.3d 1 (2018) (quoting *State v. Overton*, 279 Kan. 547, 561, 112 P.3d 244 [2005]). Moreover, "a statute operates prospectively unless its language clearly indicates that the legislature intended it to operate retroactively." *State v. Ford*, 262 Kan. 206, 208, 936 P.2d 255 (1997).

In this case, Lopez-Palomares' crimes occurred on April 22, 2024, so the sentencing statute that applies is K.S.A. 21-6615(a). Although the statute was later amended, there is no language in K.S.A. 2024 Supp. 21-6615 applying the amendments retroactively to pending cases and in the absence of such language a claim of retroactivity necessarily fails. See *State v. Sutherland*, 248 Kan. 96, 106, 804 P.2d 970 (1991) ("The fundamental rule is that a statute operates prospectively unless its language clearly indicates that the legislature intended it to operate retroactively."). Although we are under

3

no obligation to rule the same as other panels of this court, the same retroactivity argument raised by the State here has been rejected by several panels of this court. See *State v. Mitchell*, 66 Kan. App. 2d 196, 207, 579 P.3d 970 (2025) ("In short, K.S.A. 2024 Supp. 21-6615[a] includes no language indicating that the legislature intended to apply it retroactively to pending cases awaiting sentencing. In the absence of any such indication, the 2024 amendments apply only to sentences for crimes committed on or after May 23, 2024."), *rev. granted* 321 Kan. 793 (2026); see also *State v. Owens*, No. 128,059, 2026 WL 850143, at *2-3 (Kan. App. 2026) (unpublished opinion) (discussing the same and applying the holding in *Mitchell*), *petition for rev. filed* April 27, 2026. We find these cases persuasive and adopt their conclusion that K.S.A. 2024 Supp. 21-6615 does not apply retroactively. See *State v. Fleming*, 308 Kan. 689, 706, 423 P.3d 506 (2018) (noting that one panel of the Court of Appeals may disagree with a previous panel of the same court, although it may find the reasoning persuasive).

This leads to no other possible conclusion than Lopez-Palomares is entitled to jail credit for every day he spent incarcerated pending disposition in this case regardless of whether that same jail credit was applied in another case. And although the State argues that *Hopkins* and *Ervin* were wrongly decided, the Kansas Court of Appeals is duty bound to follow Kansas Supreme Court precedent unless there is some indication that the Supreme Court is departing from its previous position. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022).

We vacate the district court's determination of jail credit and remand with directions to grant Lopez-Palomares 12 days of jail credit, regardless of whether he may have also been held on other charges.

Sentence vacated in part and case remanded with directions.